UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 09, 2008

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| IN RE: TOYS "R" US - DELAWARE, INC., FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION | | |
| Nicola Edwards, et al. v. Toys "R" Us-Delaware, Inc., C.D. California, C.A. No. 2:06-8163 | ) ) | MDL No. 1980 |
| Gregory J. Ellis v. Toys "R" Us-Delaware, Inc., N.D. Illinois, C.A. No. 1:08-2945 | ) ) | |

**TRANSFER ORDER**

**Before the entire Panel**: Defendant Toys "R" Us – Delaware, Inc., has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in the Central District of California action do not oppose the motion. Plaintiff in the Northern District of Illinois action opposes the motion.

This litigation currently consists of two actions pending in two districts, one action each in the Central District of California and the Northern District of Illinois.

The Northern District of Illinois plaintiff argues, *inter alia*, that there are only two actions pending, and the action pending in the Central District of California is significantly more advanced than the Northern District of Illinois action. These are sound arguments, but not quite sufficient to persuade us in these circumstances. Although only two actions are now pending, they are brought on behalf of nearly identical putative nationwide classes, and there is a risk of inconsistent rulings on class certification. While the Central District of California action has been pending for some time, the Northern District of Illinois action can benefit from the discovery and other pretrial proceedings that have already been conducted in the Central District of California action.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action involves allegations that defendant's printing of certain credit and debit card information on customer receipts violated the Fair and Accurate Credit Transactions Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. The first-filed action has been pending there for almost two years.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of Illinois is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Margaret M. Morrow for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | |