JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re:* TOYS "R" US – DELAWARE, INC. – FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION | ) MDL No. CV 08-01980 MMM (FMOx) <br> ) No. CV 06-08163 MMM (FMOx) <br> ) No. CV 08-06645 MMM (FMOx) <br> ) <br> ) JUDGMENT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

On January 17, 2014, the court entered an order finally approving the parties' settlement of this action and awarding attorneys' fees, costs, and incentive awards. Accordingly,

IT IS ORDERED AND ADJUDGED THAT

1.      This judgment incorporates by reference the definitions in the Settlement Agreement dated May 9, 2013 and all capitalized terms used herein and not otherwise defined by this order shall have the meaning assigned to them in the Settlement Agreement;

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the court previously certified the following Settlement Class:

All persons who made purchases at any Toys 'R' Us store during the Class

1            Period (defined as the period from December 4, 2006 through January 5,

2            2007, inclusive) using credit or debit cards;

3    3.    The court, finding that the requirements for approving a settlement class pursuant

4            to Rules 23(a) and (b)(3) have been met, hereby affirms its certification of the

5            Settlement Class;

6    4.    Pursuant to Rule 23(c)(3), all Settlement Class Members who have not timely opted

7            out of the settlement are bound by this order and by the terms of the Settlement

8            Agreement. No Settlement Class Members have timely opted out of the settlement;

9    5.    Pursuant to Rule 23(a), the court finds that plaintiffs Nicola Edwards, James

10           Schley, and Gregory Ellis are members of the class, their claims are typical of the

11           class, and they fairly and adequately protected the interests of the class throughout

12           the proceedings in the litigation. Accordingly, the court appoints Nicola Edwards,

13           James Schley, and Gregory Ellis as class representatives;

14    6.    Having considered the factors set forth in Rule 23(g)(1), the court finds that Class

15           Counsel fairly and adequately represented the class for purposes of entering into

16           and implementing the settlement, and thus appoints Moore & Leviant LLP, Bock

17           & Hatch LLC, Chant & Company, A Professional Law Corporation, and the Linde

18           Law Firm (through attorneys J. Mark Moore, Richard Doherty, Chant Yedalian,

19           and Douglas Linde, respectively) as Class Counsel on behalf of the class;

20    7.    In its Order of Preliminary Approval, the Court preliminarily approved the Notice

21           of Proposed Settlement and Right to Opt Out and found that the proposed form and

22           content of the Notice satisfied the requirements of due process. The court reaffirms

23           that finding and holds that the best practicable notice was given to Class Members

24           under the circumstances. That notice constitutes due and sufficient notice of the

25           Settlement Agreement and Fairness Hearing to all persons affected by and/or

26           entitled to participate in the Settlement Agreement or the Fairness Hearing, and

27           satisfies the requirements of Rule 23, of due process, and of any other applicable

28           law;

1    8.    Pursuant to Rule 23(e)(2), the court finds, after a hearing and based upon the

2          submissions of the parties, that the Settlement Agreement is fair, reasonable, and

3          adequate and should be approved.  In making this determination, the court has

4          considered factors with respect to fairness, including: (i) the terms of the Settlement

5          Agreement, (ii) the posture of the case at the time settlement was proposed; (iii) the

6          extent of discovery that was conducted; (iv) the circumstances surrounding the

7          parties' settlement negotiations; and (v) the experience of counsel.  In addition, with

8          respect to adequacy, the Court has considered the following factors: (i) the relative

9          strength of Plaintiffs' case on the merits; (ii) the existence of any difficulties of

10         proof or strong defenses Plaintiffs were likely to encounter if the case went to trial;

11         (iii) the anticipated duration and expense of additional litigation; (iv) the solvency

12         of Toys and the likelihood of recovery on a litigated judgment; and (v) the lack of

13         opposition to the Settlement.  The court is satisfied that the provisions of the

14         Settlement Agreement are of benefit to the Class Members;

15   9.    The court also determines that there was no fraud or collusion between the parties

16         or their counsel in negotiating the terms of the Settlement Agreement and that all

17         negotiations were arm's length.  Furthermore, the terms of the Settlement

18         Agreement make clear that the process by which the Settlement Agreement was

19         achieved was fair.  Finally, there is no evidence of unethical behavior, want of

20         skill, or lack of zeal on the part of Class Counsel;

21   10.   No Class Member filed an objection to the Settlement Agreement;

22   11.   Class Counsel are entitled to a reasonable fee and expense award for their work; the

23         court finds $458,602.54 to be a reasonable fee amount.  The court also awards

24         Class Counsel $66,397.46 in reasonable expenses;

25   12.   The terms of the Settlement Agreement provide that Toys will pay an incentive

26         award to the class representatives.  The court has determined that each

27         representative is entitled to receive an incentive award of $5,000 and hereby awards

28         such an amount;

13. This action is dismissed, with prejudice, and without costs to any party, except as provided herein, in the Settlement Agreement, and/or in the court's Order on Class Counsel's motion for fees and costs; and

14. Without affecting the finality of this judgment, the court reserves continuing jurisdiction over all matters related to the administration, implementation, effectuation, and enforcement of the Settlement Agreement and this court's orders and judgment related thereto.

DATED: January 17, 2014

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

4